IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    1:15cr09/MW/GRJ
                                                     1:16cv274/MW/GRJ

HAL BERNARD BLACK

---

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 204) and the Government's Response thereto (ECF No. 220). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

# I.  BACKGROUND

On May 26, 2015, a grand jury returned a four-count indictment

charging Petitioner and two co-defendants for crimes based on their

participation in a scheme to make money using a minor female to perform

sex acts. (ECF No. 1.) Petitioner was charged with: (1) Sex Trafficking of a

Minor, in violation of Title 18, United States Code, Sections 1591(a)(1) and

(b)(2) (Count One); (2) Financially Benefiting from Sex Trafficking of a

Minor, in violation of Title 18, United States Code, Sections 1591(a)(2) and

(b)(1) (Count Two); (3) Sex Trafficking of a Minor, in violation of Title 18,

United States Code, Sections 1591(a)(1) and (b)(2) (Count Three); and (4)

Financially Benefiting from Sex Trafficking of a Minor, in violation of Title

18, United States Code, Sections 1591(a)(2) and (b)(1). *Id.*

On June 9, 2015, Petitioner appeared before the Court and was

arraigned on the charges. (ECF No. 8.) The Court appointed attorney David

A. Wilson to represent Petitioner. (ECF No. 12.) On November 4, 2015,

Petitioner entered into a plea agreement which provided that, if Petitioner

agreed to plead guilty to Count One, the Government would move to

dismiss Counts Two through Four. (ECF No. 80.) That day, Petitioner

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

appeared before the undersigned for the purpose of considering his entry

of a guilty plea to child sex trafficking as charged in Count One of the

Indictment. (ECF No. 83.) The undersigned entered a report and

recommendation recommending that the District Court accept the plea

agreement and Petitioner's plea of guilty. *Id.* On November 5, 2015, United

States District Judge Mark E. Walker accepted Petitioner's plea of guilty.

(ECF No. 84.)

The Final Presentence Investigation Report ("PSR") reflected that

Petitioner had a total offense level of 33. (ECF No. 102, PSR ¶ 34.)

Petitioner's criminal history category was I. *Id.* at ¶ 41. The applicable

guidelines range was 135 to 168 months. *Id.* at ¶ 76. The Court sentenced

Petitioner to 135 months of imprisonment, a ten-year term of supervised

release, and a $100 Special Monetary Assessment on January 25, 2016,

(ECF No. 12) and entered the judgment against Petitioner on January 29,

2016. (ECF No. 129.)

Petitioner did not appeal to the Eleventh Circuit Court of Appeals. On

July 31, 2016, Petitioner timely filed the instant § 2255 Motion. (ECF No.

204.)

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

## II.  ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to Section 2255 are extremely limited. A prisoner is entitled to relief under Section 2255 if the court imposed a sentence that: (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195

(11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly

deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For a court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams*

*v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove

he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230,

1234 (11th Cir. 2015). A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record. *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples

v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

### B. Petitioner's Ground One

In his sole ground for relief, Petitioner alleges his attorney, David

Wilson, rendered ineffective assistance of counsel. Specifically, Petitioner

alleges Mr. Wilson advised Petitioner to admit to the FBI that he was guilty

of the charges against him. Petitioner further alleges Mr. Wilson advised

him that if he testified before the grand jury against his mother, a co-

defendant in the case, he would receive the ten-year statutory mandatory

minimum sentence and would receive a downward departure therefrom.
Petitioner asserts he told Mr. Wilson he was not guilty of the charges, but
Mr. Wilson "kept telling him" to talk to the FBI.

Petitioner further asserts Mr. Wilson did not file his direct appeal and
has ignored all of Petitioner's attempts at communication. Petitioner alleges
that, if not for counsel's unsound advice, Petitioner would have insisted on
going to trial on the charges, and the case would have reached a different
outcome.

Petitioner's assertion that he is not guilty and that Mr. Wilson
instructed him to plead guilty to the charges and testify against his mother
in exchange for a reduced sentence is controverted by the record. A review
of the plea colloquy reveals Petitioner testified as follows at his guilty plea
hearing:

> The Court: Very good. Now, Mr. Black, you appeared to have
> followed what I've told you so far and paid attention so I'm now
> going to ask you directly, how do you plead to the charge in count
> one of the indictment, guilty or not guilty?
>
> Petitioner: Guilty.
>
> The Court: And are you pleading guilty because you indeed are
> guilty of that charge?

Petitioner: Yeah, I guess so.

The Court: Well, this is not the time to guess.

Petitioner: Yes, sir.

The Court: Are you pleading guilty because you indeed committed the charge in count one of the indictment?

Petitioner: Yes, sir, I have committed the crime like that, yes, sir.

The Court: And you admit you committed the acts set forth in the charge in count one of the indictment?

Petitioner: Yes, sir.

. . .

The Court: . . . . Now, Mr. Black, your decision to plead guilty here this afternoon is it being made freely and voluntarily?

Petitioner: Yes, sir.

The Court: Has anyone threatened you, forced you, coerced you or intimidated you in any way regarding your decision to plead guilty?

Petitioner: No, sir.

The Court: Other than what the government has agreed to do in the written plea agreement and supplement to plea agreement, are you relying on any other agreement or is there any other promise or any other understanding you have with anyone else which is causing you to plead guilty here this afternoon other than what's in the plea agreement?

Petitioner: No, sir, I just want to do my time and come home.

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

> The Court: And, Mr. Wilson, as counsel for Mr. Black can you assure the court that as far as you know there have been no assurances, promises or understandings giving your client as the disposition of his case which are different or contrary to what's in the written plea agreement?

> Mr. Wilson: I can so assure the court.

(ECF No. 218 at 16-17, 41.) "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. Solemn declarations in open court carry a strong presumption of verity. *Id.* at 74.

Here, the plea colloquy establishes Petitioner pleaded guilty because he was, in fact, guilty of the crime as charged in the indictment. It further establishes Petitioner was not promised anything in the way of a reduced sentence in exchange for his guilty plea and his testimony against his mother. Rather, it establishes Petitioner pleaded guilty only in exchange for what was promised in the plea agreement. Petitioner's solemn declarations in open court contradict his unsupported, self-serving allegations to the

contrary.[1]

Further, Petitioner's assertion that Mr. Wilson did not file his direct appeal and has ignored all of Petitioner's attempts at communication finds no support in the record. Petitioner does not claim he instructed Mr. Wilson to file an appeal on his behalf, nor does he demonstrate that he, at any time, expressed a desire to appeal his conviction. Further, Petitioner provides no details as to when he attempted to communicate with Mr. Wilson or the substance of what he attempted to communicate.

On the contrary, Petitioner's representations to the Court at his guilty plea and sentencing hearings demonstrate Petitioner was satisfied with Mr. Wilson's performance:

> The Court: Now, Mr. Black, you've been represented throughout this case by Mr. Wilson. Are you satisfied with your lawyer and the way your lawyer has represented you so far?
>
> Mr. Black: Yes, sir.
>
> The Court: And have you had enough time to discuss your case

---

[1] Petitioner's declarations in open court in the trial of his co-defendant and mother Tawanda Lakaye Burnett, submitted as Exhibit 1 to the Government's Response in ECF No. 220, also contradict Petitioner's assertion that Mr. Wilson advised him to plead guilty despite protesting his innocence. In *United States v. Tawanda Lakaye Burnett*, Case No. 1:15cr09, Petitioner testified that he spoke with Mr. Wilson and "[A]ll I know is he told me I should plead guilty if I knew I was involved in the human trafficking of E.B. and I told him, yeah, I agree I was, so he said then the right thing to do is plead guilty and ask for cooperation in order for a 5K1—."

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

fully with your lawyer and tell your lawyer everything you know about your case?

Mr. Black: Yes, sir.

. . .

The Court: Mr. Black, we're here for sentencing today. As you heard announced, I'm Judge Walker. Let me start by asking you, have you had the opportunity to review the presentence investigation report prepared by probation in your case?

Mr. Black: Yes, sir.

The Court: Have you gone over it with your lawyer?

Mr. Black: Yes, sir.

The Court: Has he answered all your questions?

Mr. Black: Yes, sir.

The Court: Are you well pleased with his representation?

Mr. Black: Yes, sir.

(ECF No. 218 at 42; ECF No. 221 at 2, 3.) The record further reveals

Petitioner was advised on the record of his right to appeal his sentence:

The Court: All right, Mr. Black, you're advised you have the right to appeal this sentence. If you are unable to afford the cost of an appeal, you may apply for leave to appeal *in forma pauperis*. Any appeal must be filed within fourteen days. Upon request, the clerk will immediately file a notice of appeal on your behalf. Do you understand, sir?

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

Mr. Black: Yes, sir.

(ECF No. 221 at 74-75.) Petitioner did not file a notice of appeal and has failed to provide any facts to support a claim that he expressed to his counsel the desire to appeal his conviction and sentence. Petitioner's general allegations that Mr. Wilson failed to file an appeal, without greater specificity, cannot establish ineffective assistance of counsel. *See Wilson*, 962 F.2d at 998 (conclusory allegations of ineffective assistance of counsel are insufficient to state a claim); *see also Lockhart*, 474 U.S. 52 (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). Petitioner fails to establish counsel's performance was deficient and that he was prejudiced thereby. As such, Petitioner has not carried his burden of demonstrating that counsel was constitutionally ineffective under *Strickland.*

## C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. Petitioner has failed to do so here. Accordingly, his request for an evidentiary hearing is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that he is entitled to Section 2255 relief. Nor has he shown that an evidentiary hearing is warranted. Therefore, Petitioner's motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 204) should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 20th day of December, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ

thereof.  <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:15cr09/MW/GRJ-1; 1:16cv274/MW/GRJ